676 So.2d 436 (1996)
Shannon Kelly IRVIN, Appellant,
v.
Raymond B. SEALS, Appellee.
No. 95-00900.
District Court of Appeal of Florida, Second District.
February 7, 1996.
M. Katherine Ramers, Dunedin, for Appellant.
Detria J. Liles, Orlando, for Appellee.
PER CURIAM.
Affirmed.
DANAHY, A.C.J., and LAZZARA, J., concur.
PARKER, J., concurs specially.
PARKER, Judge, concurring.
With this affirmance, we reaffirm this court's opinion in Boyt v. Romanow, 664 So.2d 995 (Fla. 2d DCA 1995), which permits a trial court to extract a portion of paid child support money established by statutory guidelines and place that money in a trust for a child. Although there are instances when withholding some of this support in trust may be appropriate, I believe the legislature should provide the framework in Chapter 61, Florida Statutes. I am uncomfortable with the courts addressing it on a case-by-case basis.
*437 Raymond B. Seals admitted paternity in this case. The one child was born in October 1990. The mother is an unemployed full-time student working toward a four-year college degree. The father is a professional football player earning $800,000 per year. The hearing officer established that the child's monthly needs were more than adequately met with a payment of $2000 and recommended that any amount in excess of that amount paid pursuant to the Child Support Guidelines contained in section 61.30, Florida Statutes (Supp.1994), should be placed in trust for the child pursuant to the provision of the Florida Uniform Transfers to Minors Act.[1] The hearing officer's reasoning for this recommendation was a fear that the mother inappropriately might utilize the support money and that the father had a limited number of years to enjoy the level of income that he now enjoys. The trial court's order adopted the recommendations of the hearing officer.
Although Boyt cautions trial courts to resist the urge in every case to embark upon setting aside in a trust "good fortune" support for a child's later use, I suspect that that is exactly what many paying parents, usually the father, will seek the trial court to do. Paternity actions and dissolution of marriage cases, because of the high level of emotions, often lead to great distrust between the parents. Following Boyt, trusts now are going to be established from a portion of the amount of money when the legislature presumptively has deemed that a child should receive the entire amount on a monthly basis. I would be more comfortable if the legislature would provide some directions as to when such an arrangement should be utilized, how the trust is to be administered, and when it is appropriate to distribute the trust proceeds to the child. Otherwise, there will be no uniformity upon which parents can rely as to when a trial court likely will order a trust.
NOTES
[1] §§ 710.101-.126, Fla.Stat. (1993). The hearing officer set the trust portion of retroactive child support at $25,398.